IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RUTH MERCADO | ) | CASE NO. 16-81723 |
| | ) | |
| Debtor. | ) | CHAPTER 13 |

| | | |
|---|---|---|
| RUTH MERCADO | ) | |
|     Plaintiff. | ) | |
| | ) | ADVERSARY PROCEEDING |
| v. | ) | NO. 18-80056 |
| | ) | |
| FANNIE MAE and/or SETERUS INC., | ) | |
| and BROCK & SCOTT, PLLC | ) | |
|     Defendants. | ) | |

**ANSWER**

COME NOW Defendants Federal National Mortgage Association ("Fannie Mae") and Seterus, Inc. ("Seterus" and with Fannie Mae, collectively, the "Defendants") and answer Plaintiff Ruth Mercado's ("Plaintiff") Complaint as follows:

**Parties, Jurisdiction, and Nature of Action**

1. Fannie Mae is a federally-chartered corporation organized under the laws of the United States of America and conducting business in the State of Alabama. Seterus is a foreign corporation conducting business in the state of Alabama. Defendants lack sufficient information to admit or deny the remaining averments of this paragraph and, therefore the same is denied.

2. It is admitted that Plaintiff listed Seterus as a creditor in her bankruptcy schedules. Otherwise, denied.

3. It is admitted that a Notice of Foreclosure Sale was sent by Brock & Scott, PLLC ("Brock & Scott") to Plaintiff, otherwise this paragraph is denied.

1

4. Denied. The letter at issue did not violate the automatic stay and Plaintiff is not entitled to any damages.

5. Defendants admit that this Court has jurisdiction to hear and finally decide this matter as it is currently plead. If additional claims, facts, or allegations are subsequently raised by Plaintiff, it may alter Defendants' position.

## Claim – Violation of the Automatic Stay

6. To the extent this paragraph requires a response from Defendants, it is denied.

7. Denied. The schedules filed by Plaintiff list Seterus as a creditor.

8. Defendants admit they had notice of Plaintiff's bankruptcy case and filed a Proof of Claim on October 20, 2016. The Proof of Claim speaks for itself. Defendants further state that the stay was lifted as to Defendants' collateral pursuant to the Court's December 20, 2016 Order.

9. 11 U.S.C. § 362 speaks for itself.

10. Defendants admit that Brock & Scott mailed a Notice of Foreclosure Sale to Plaintiff. The Notice of Foreclosure Sale, attached to the Complaint as <u>Exhibit A</u>, speaks for itself. The language cited by Plaintiff is required by the FDCPA. The remaining allegations of this paragraph are denied.

11. Defendants admit that Brock & Scott mailed the Notice of Foreclosure Sale to Plaintiff. The Notice of Foreclosure Sale, attached to the Complaint as <u>Exhibit </u>A, speaks for itself. The remaining allegations of this paragraph are denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

## Claim – Violation of the Fair Debt Collection Practices Act

17. To the extent this paragraph requires a response from Defendants, it is denied.

18. To the extent this paragraph requires a response from Defendants, it is denied.

As to the unnumbered paragraph immediately following Paragraph 18, Defendants deny that Plaintiff is entitled to any of the relief sought.

## ADDITIONAL DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. The language cited by the Plaintiff, or the "mini-Miranda" language, is required by the FDCPA.

3. Plaintiff has suffered no damages attributable to Defendants.

4. To avoid waiver, Defendants plead the affirmative defenses of laches, statute of frauds, statute of limitations, estoppel, repose, res judicata, consent, release, waiver, illegality, accord and satisfaction, parol evidence, payment, and collateral estoppel.

5. The Mortgage, which controls the relationship between Plaintiff and Defendants, requires notice of a foreclosure sale.

6. Plaintiff lacks constitutional standing to bring this suit because she has not suffered a concrete and particularized injury.

7. To the extent Plaintiff suffered any damages, such damages were caused by, and are the responsibility of persons, parties, and/or entities other than Defendants.

8. Plaintiff has not mitigated her alleged damages.

9. Plaintiff has made no attempt to mitigate her alleged damages.

10. Plaintiff cannot meet the standards required to recover mental anguish or emotional distress damages.

11. Defendants' acts and/or omissions were in accordance with the contracts governing their relationship with Plaintiff.

12. Defendants deny that they are guilty of any conduct which entitles Plaintiff to recover punitive damages.

13. The appropriate circumstances necessary for an award of punitive damages pursuant to 11 U.S.C. § 362(k) are not present in this case.

14. Defendants plead the statutory cap on punitive damages in Alabama and any and all applicable federal punitive caps.

15. An award of punitive damages in this case is subject to Defendants' due process rights under the United States Constitution.

16. Defendants expressly reserve the right to amend this Answer and/or to assert additional defenses if facts come to light in this matter, so as to warrant the assertion of additional defenses.

/s/ Meghan A. Salvati
Thomas B. Humphries
Meghan A. Salvati
**Counsel for Fannie Mae and Seterus, Inc.**

**OF COUNSEL:**
**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.: (205) 930-5100
Fax: (205) 930-5101
thumphries@sirote.com
msalvati@sirote.com

4

**CERTIFICATE OF SERVICE**

       I hereby certify that on August 24, 2018 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will give notice of such filing to the following:

John C. Larsen
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, AL 35811
john@jlarsenlaw.com

                                         /s/ Meghan A. Salvati
                                         OF COUNSEL

Case 18-80056-CRJ    Doc 22    Filed 08/24/18    Entered 08/24/18 09:59:35    Desc Main
Document    Page 5 of 5